O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. CV 13-04734 DDP ✓ |
| | ) | [CR 02-00372 DDP] |
| Plaintiff-Respondent, | ) | |
| | ) | **ORDER DENYING PETITION FOR RELIEF** |
| v. | ) | **PURSUANT TO TITLE 28 U.S.C. §** |
| | ) | **2255** |
| LYNNE MEREDITH | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |
| _____ | ) | |

Presently before the court is Defendant-Petitioner Lynne Meredith ("Petitioner")'s Petition for Relief Pursuant to Title 28 U.S.C. § 2255. (Dkt. No. 1.) The matter is fully briefed. Having considered the parties' submissions, the court adopts the following order denying the petition.

**I.  Background**

On April 11, 2002, an indictment was filed in this court charging Petitioner, along with seven co-defendants, with crimes arising from her sale of financial instruments known as "pure trusts," as well as bank accounts and books, as part of a scheme to enable the evasion of federal income taxes. Each defendant was

charged with conspiracy to defraud the United States by impeding, impairing, obstructing, and defeating the lawful functions of the IRS in the ascertainment, computation, assessment, and collection of federal taxes in violation of 18 U.S.C. § 371. Each defendant was also charged with mail fraud in violation of 18 U.S.C. § 1341; false representation of a social security number in violation of 42 U.S.C. § 408(a)(7)(B); passport fraud in violation of 18 U.S.C. § 1542; and/or failure to file income tax returns in violation of 26 U.S.C. § 7203. The government subsequently dismissed two of the mail fraud counts.

On May 3, 2004, following a jury trial, the jury returned guilty verdicts against Petitioner on the charges of conspiracy (Count 1), mail fraud (Counts 2, 3, 5, and 8), false representation of a social security number (Counts 13 and 14), passport fraud (Count 15), and failure to file income tax returns (Counts 16 through 20). On June 6, 2005, this court sentenced Petitioner to 121 months in the custody of the Bureau of Prisons.

Petitioner appealed her conviction. She argued that her convictions for conspiracy, mail fraud, false representation of a social security number, and passport fraud were not supported by sufficient evidence. She also argued that (1) her convictions violated the First Amendment; (2) the indictment was insufficient with respect to the conspiracy and mail fraud charges because it failed to set forth essential elements of those crimes; (3) her right to a speedy trial was violated because the trial did not start within 70 days of her first court appearance; (4) the court improperly admitted the testimony of government witness Robert Sommers and improperly excluded the testimony of defense witness

1  Joseph Bannister; (5) lack of fair notice; (6) entrapment by
2  estoppel; and (7) the court committed error when it denied
3  Petitioner's motion to suppress and request for an evidentiary
4  hearing on the motion. (See Government's Opposition to Petition Ex.
5  2.)
6       On June 26, 2012, through two separate memoranda, the Ninth
7  Circuit rejected Petitioner's claims of error and affirmed the
8  sentence imposed upon her. See United States v. Meredith, 685 F.3d
9  814, 818 (9th Cir. 2012) cert. denied, 133 S. Ct. 563, 184 L. Ed.
10 2d 366 (U.S. 2012) ["Meredith I"]. United States v. Meredith, 485
11 F. App'x 185, 187 (9th Cir. 2012) cert. denied, 133 S. Ct. 563, 184
12 L. Ed. 2d 366 (U.S. 2012) ["Meredith II"].
13      Petitioner now moves to vacate or set aside her convictions
14 and sentence pursuant to Title 28 U.S.C. § 2255. As discussed
15 below, nearly all of the arguments made in the instant Petition
16 were raised in her appeal before the Ninth Circuit.
17
18 **II.  Legal Standard**
19      Section 2255 allows federal prisoners to file motions to
20 vacate, set aside, or correct a sentence on the ground that "the
21 sentence was imposed in violation of the Constitution or laws of
22 the United States, or that the court was without jurisdiction to
23 impose such sentence, or that the sentence was in excess of the
24 maximum authorized by law, or is otherwise subject to collateral
25 attack[.]" 28 U.S.C. § 2255. The petitioner in a Section 2255
26 motion bears the burden of establishing any claim asserted in the
27 motion. To warrant relief because of constitutional error, the
28 petitioner must show that the error was one of constitutional

magnitude which had a substantial and injurious effect or influence on the proceedings. See Hill v. United States, 368 U.S. 424, 428 (1962).

The Supreme Court has "repeatedly stressed the limits of a § 2255 motion . . . [and] cautioned that § 2255 may not be used as a chance at a second appeal." United States v. Berry, 624 F.3d 1031, 1038 (9th Cir. 2010) (citing United States v. Addonizio, 442 U.S. 178, 184 (1979)). Indeed, it is well established that where a defendant has raised the same claims on direct appeal, they cannot be relitigated in a collateral Section 2255 proceeding. See United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition.")

A district court may deny a Section 2255 motion without an evidentiary hearing only if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

**III. Discussion**

The court considers each of Petitioner's asserted bases for relief in turn.

**A.    First Amendment**

Petitioner first contends that the prosecution in this case violated her rights under the First Amendment of the U.S. Constitution. Within this general allegation are more specific arguments, including that (1) the indictment abridged her First

4

Amendment right to freedom of speech by charging that the content of her books were elements of tax crimes (Petition at 2); (2) although her books advocated only lawful conduct, even if they encouraged unlawful acts, that would not justify criminalizing constitutionally protected free speech (id.); (3) the criminal charges were based upon the erroneous proposition that the content of Petitioner's books contained false statements (id. at 3); (4) the government did not meet its burden of charging in the indictment and proving at trial that Petitioner's books and speeches incited imminently lawless conduct (id. at 4); (5) the jury instructions allowed the jury to convict even though there was no evidence that Petitioner's books and speeches incited imminent lawless action or clear and present danger (id. at 8); (6) there was no evidence that Petitioner's books and speeches incited imminent lawless action (id. at 9); (7) requests for due process on disputed IRS claims were protected by the petitioning clause of the First Amendment (id.); (8) the conspiracy and mail fraud charges in the indictment imposed criminal penalties on protected free speech (id. at 11); (9) the government failed to carry its burden of showing that the indictment did not infringe upon speech protected by the First Amendment (id. at 12, 13).

The thrust of Petitioner's claims--that she was convicted of conduct that is protected by the First Amendment--was raised in her direct appeal and rejected by the Ninth Circuit. (See Opp. Ex. 2 at 12-15; Meredith I, 685 F.3d at 819-823.) The court agreed with Petitioner's assertion that mere advocacy of tax evasion--with nothing more--is not sufficient to support convictions for conspiracy and tax fraud. Meredith I, 685 F.3d at 814. However, the

court explained, "the defendants did far more than advocate. They developed a vast enterprise that helped clients hide their income from federal and state tax authorities." Id. Defendant's speech was, therefore, not protected by the First Amendment. Id.

As explained in the Ninth Circuit's opinion, although speech is generally protected under the First Amendment, the Supreme Court has carved out some limited categories of "unprotected" speech, including "obscenity, defamation, fraud, incitement, and speech integral to criminal conduct." See Meredith I, 685 F.3d at 819 (quoting United States v. Stevens, 130 S.Ct. 1577, 1584 (2010) (citations omitted)). Petitioner asserted before the Ninth Circuit, as she does here, that the case should be analyzed under United States v. Dahlstrom, 713 F.2d 1423 (9th Cir. 1983), which involved the First Amendment exception for incitement. There, the court reversed convictions of conspiracy and tax fraud for defendants who held seminars in which they instructed participants on how to create foreign trust organizations to reduce certain tax liabilities, partly on the ground that there was insufficient evidence to support the government's position that the defendants' speech tended to incite "imminent lawless action." See Dahlstrom 713 F.2d at 1428 (applying test first announced in Bradenberg v. Ohio, 395 U.S. 444, 447 (1969)). However, in considering Petitioner's appeal, the court explained that Dahlstrom was inapposite because the instant case involves a different First Amendment exception, that for speech that is an integral part of a crime. See Meredith I, 685 F.3d at 820. The court noted that this exception was applied under facts similar to those here in United States v. Freeman, 761 F.2d 549 (9th Cir. 1985). There, the Ninth

6

Circuit affirmed convictions of defendants for assisting in the filing of false tax returns, explaining that "[i]n those instances, where speech becomes an integral part of the crime, a First Amendment defense is foreclosed even if the prosecution rests on words alone." Freeman, 761 F.2d at 552.

Reviewing the record in the present case, the Ninth Circuit concluded that Petitioner and her co-defendants' speech was an integral part of the crimes of mail fraud and conspiracy and was therefore not protected by the First Amendment. As to the conspiracy charges, the court explained:

> As described in the previous sections, there was sufficient evidence for the jury to conclude the defendants engaged in a conspiracy that was not protected by the First Amendment. Numerous customers testified that the defendants helped them evade their federal and state tax obligations. Meredith was the architect of the "pure trust" scheme, instructing her employees and customers how to evade taxes. Meredith also trained employees to sell pure trusts. Giordano created the pure trusts and drafted response letters to the IRS on behalf of customers. Bybee sold pure trusts and served as a trustee for customers. The conspiracy involved far more than mere advocacy of tax evasion. Accordingly, there was sufficient evidence for a rational jury to conclude that the defendants conspired to defraud the government.

Meredith I, 685 F.3d at 823. Similarly, regarding two of the mail fraud charges, the court explained:

> The First Amendment does not prohibit conviction of Meredith and Giordano on Counts 2 and 3. WTP (by way of its owner and employees) did more than encourage Spatola to file fraudulent amended returns. Spatola not only received specific instructions from Meredith's books and seminars, but he also discussed his plans in detail with Erickson and Watts, who were participants in the overall scheme. These discussions were integral to the crime. Although Spatola did not testify that he had one-on-one interactions with Meredith or Giordano, they both are liable for the reasonably foreseeable actions of their co-schemers. See Green, 592 F.3d at 1070. Viewing the record in the light most favorable to the prosecution, there is sufficient evidence for a rational jury to find Meredith and Giordano guilty of Counts 2 and 3 beyond a reasonable doubt.

7

Meredith I, 685 F.3d at 821. The court reached the same conclusion as to the other mail fraud charges. See id. at 821-22.

Additionally, contrary to Petitioner's suggestion otherwise, the U.S. Supreme Court's recent decision in Alvarez v. United States, 132 S. Ct. 2537, 2548 (2012), which was issued after the issuance of the Ninth Circuit's opinions in the present case, has no bearing on the instant Petition. In Alvarez, affirming the Ninth Circuit, the Supreme Court held that the Stolen Valor Act, which makes it a crime to falsely claim receipt of military decorations or medals, impermissibly restricts freedom of speech. See Alvarez, 132 S. Ct. at 2537. The case is inapposite because, where Alvarez concerned a circumstance in which pure speech, without "anything more," was criminalized, here Petitioner did more than engage in pure speech, by not only advocating tax evasion but actively helping customers evade their tax obligations. Accordingly, Petitioner's speech was not protected because it was integral to otherwise unlawful acts. Indeed, Alvarez affirmed the continued vitality of the "speech integral to criminal conduct" exception. See Alvarez, 132 S. Ct. at 2544.

Because Petitioner's First Amendment arguments were raised on appeal and rejected by the Ninth Circuit, they may not be relitigated via the present Petition. See Hayes, 231 F.3d at 1139. Moreover, for the reasons explained above and in the Ninth Circuit's opinion, Petitioner's arguments lack merit.

**B.   Sufficiency of Indictment**

Defendant next contends that the indictment was insufficient in charging the conspiracy and mail fraud offenses because the

8

1  conspiracy count failed to allege the crime was committed by
2  "deceitful or dishonest means." (<u>See</u> Petition at 10.) As with
3  Plaintiff's First Amendment arguments, this argument was raised on
4  direct appeal and rejected by the Ninth Circuit. The court
5  explained that "[t]he indictment is sufficient because it contains
6  the elements of the offenses charged, fairly informs the defendants
7  of the charges against which they must defend, and enables them to
8  plead an acquittal or conviction in bar of future prosecutions for
9  the same offense." <u>Meredith II</u>, 485 F. App'x at 186. Because the
10 argument was raised on appeal, it cannot be relitigated here. <u>See</u>
11 <u>Hayes</u>, 231 F.3d at 1139.

**C.   Speedy Trial**

   Defendant contends that her speedy trial rights under the Speedy Trial Act were violated because the court miscalculated the permissible excludable time. (<u>See</u> Pet. at 15-21.) This contention was likewise raised and rejected upon direct appeal. In addressing this issue, the Ninth Circuit explained:

> Defendants-Appellants' rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, were not violated. The court was required to begin the trial within 70 days of the defendants' first court appearances. But the Speedy Trial Act allows the court to exclude many types of delay from the 70-day calculation. 18 U.S.C. § 3161(h). Here, the district court did not err in concluding that, at most, 65 days of delay could not be excluded.

<u>Meredith II</u>, 485 F. App'x at 186-87. As the argument was raised on appeal, it cannot be relitigated here. <u>See</u> <u>Hayes</u>, 231 F.3d at 1139.

**D.   Evidentiary Hearing on Motion to Suppress**

Defendant contends that the court erroneously denied her request for a suppression hearing. (See Pet. at 23.) The claim refers to evidence obtained during a search of Petitioner's home and publishing company on July 10, 1998 and a second search after Petition was indicted and in custody on April 23, 2002. (Id.) Though the issue was not specifically addressed in the Ninth Circuit's opinions, the same argument was raised in Defendant's direct appeal. (See Opp. Ex. 2 at 67.) In any case, the argument lacks merit.

"An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." United States v. Howell, 231 F.3d 615, 620 (9th Cir. 2000). "[T]he question whether an evidentiary hearing is appropriate rests on the reasoned discretion of the district court." United States v. Santora, 600 F.2d 1317, 1320 amended, 609 F.2d 433 (9th Cir. 1979).

Here, this court concluded that an evidentiary hearing was not necessary because there were no material disputed issues of fact which a hearing was necessary to resolve. (See CR Dkt. No. 242 at 4.) In particular, the court determined that (1) "[o]n most issues the sworn affidavits, declarations, and depositions submitted by the parties do not conflict regarding material facts," and (2) "[w]here such documents do conflict ... the Court finds that the defendants' allegations, even if proven, do not justify relief." (Id.) Accordingly, the court declined to hold an evidentiary hearing. Defendant has not identified in her Petition any disputed

10

factual issue relevant to the requested suppression hearing and has offered no argument that the court abused its discretion in declining to hold such a hearing. Accordingly, the court will not set aside her conviction on this ground.

**E.  The Exclusion of Defense Witness Joseph Banister**

Defendant also contends that the court erred in refusing to allow her to call Joseph Banister as a defense witness. (See Pet. at 27.) Defendant raised the issue of Baniter's testimony on direct appeal and her argument was rejected. The Ninth Circuit concluded that "Defendant-Appellants have not demonstrated that ... the exclusion of testimony of Joseph Bannister ... [was] 'both erroneous and prejudicial.'" Meredith II, 485 F. App'x at 187 (quoting Wagner v. County of Maricopa, 673 F.3d 977, 980 (9th Cir. 2012)). As the issue was raised on appeal, it may not be relitigated here. See Hayes, 231 F.3d at 1139.

**F.  Fair Notice and Collateral Estoppel**

Defendant argues that, based upon IRS letters stating that pure trusts were nontaxable, the law was not sufficiently clear to provide fair notice that her conduct was illegal, (Pet. at 22.), and that because she and her co-defendants relied on position letters from IRS officials for their belief that their conduct was lawful, the court erroneously denied their request for a collateral estoppel defense. (See Pet. at 23.) Based upon the substance of Defendant's contentions, it appears Defendant intends to refer to

11

the "estoppel by entrapment" defense, rather than collateral estoppel.[1]

Defendant raised the same arguments on direct appeal. As to notice, Plaintiff stated, inter alia, in her opening appellate brief:

> [Defendant] received no preindictment notice that the IRS had a problem with her books, lectures or common-law trusts. Based upon the following letters from the IRS, Meredith believed that the "Pure Trust Organization" was a 'nontaxable organization'"...

(Opp. Ex. 2 at 16)(referring to letters describing pure trusts as having no return filing requirements and as a nontaxable organizations).) As to "entrapment by estoppel," Plaintiff asserted in her opening appellate brief:

> Additionally, Appellants relied on other Government prepared determination letters from high ranking government officials, that were made in response to letters, supported by case law, taking the position that they derived no "taxable income." Such government responses stated, "Thank you for your correspondence. We agree that you are not legally required to file a 1040 Form."
>
> These determination letters issued by the Government were either a complete defense to the Government's tax related charges or, at the very least, Defendants should have been permitted their requested "affirmative defense" of "entrapment by estoppel."

(Opp. Ex. 2 at 49-50.) Because the arguments were raised on appeal, they may not be relitigated in this collateral Section 2255 Motion. See Hayes, 231 F.3d at 1139.

---

[1] The argument tracks that made in the section of Petitioner's opening appellate brief asserting "estoppel by entrapment." (See Opp. Ex. 2 at 49-50.) Collateral estoppel, also referred to as issue preclusion, bars the relitigation of an issue actually adjudicated in previous litigation between the same parties. See Dodd v. Hood River County, 59 F.3d 852, 863 (9th Cir.1995). The doctrine has no apparent applicability to the instant case, at least in any manner favorable to Petitioner.

The entrapment by estoppel argument is in any case without merit. "In order to establish entrapment by estoppel, a defendant must show that (1) an authorized government official, empowered to render the claimed erroneous advice, (2) who has been made aware of all the relevant historical facts, (3) affirmatively told him the proscribed conduct was permissible, (4) that he relied on the false information, and (5) that his reliance was reasonable." United States v. Batterjee, 361 F.3d 1210, 1216 (9th Cir. 2004) (internal quotation marks, citations, and footnote omitted).

Petitioner's contention fails for several reasons. First, the second element of the entrapment by estoppel defense is not met because Petitioner did not offer evidence that the officials who authorized the IRS letters were aware of relevant facts, including the structure of Petitioner's trusts or the fact that Petitioner and her colleagues were using the letters to advise customers that the lack of a filing requirement associated with the trusts meant that the customers were not obligated to file personal tax returns. Second, the third element of the defense is not met because Petitioner offered no evidence that she was affirmatively told that the proscribed conduct--advising nonpayment of income taxes on the ground that such income was placed in a "pure trust"--was permissible. Moreover, to the extent that the letters on which Petitioner purportedly relied were confusing, any such confusion was cured by the IRS's issuance of additional form letters, of which Petitioner's organization We the People was in possession as of 1998, making clear that pure trusts should be disregarded for income tax purposes and do not absolve trust owners of their tax obligations. (See Exs. 5, 6.)

13

**G.   Sufficiency of Evidence**

Petitioner contends in the present Petition that the evidence was insufficient to sustain her convictions. Each of Petitioner's various arguments was previously raised on appeal.

First, Petitioner contends that the government failed to call any witnesses in support of the charge of false representation of a Social Security number (Counts 13 and 14). (See Pet. at 35.) Petitioner contends that the convictions were unsupported because no witness testified to having seen Petitioner sign the account documents at issue. (Id. at 36.) The Ninth Circuit rejected this argument when it was made on direct appeal:

> This argument is unavailing because her signature was on many other documents that were introduced into evidence. See United States v. Woodson, 526 F.2d 550, 551 (9th Cir.1975) ("In the absence of extreme or unusual circumstances ... we see no reason why handwriting comparisons cannot be made by jurors, and conclusions drawn from them, either in the presence or absence of expert opinion.").

Meredith I, 685 F.3d at 823-24. Accordingly, the argument may not be relitated here. See Hayes, 231 F.3d at 1139.

Second, Petitioner contends that there was no evidence that she willfully or knowingly made a false statement in her passport application. (See Pet. at 38.) Petitioner contends that she merely forgot that she made a previous request for a replacement passport years before and inadvertently checked the wrong box on a form querying whether she had previously reported a passport lost or stolen. (Id.) The Ninth Circuit likewise rejected this argument:

> Viewing the evidence in the light most favorable to the prosecution, Meredith's argument fails. Given the short amount of time between the applications and the similarity between the reasons that she asserted for her loss of passport, it is unlikely that she did not know that she was making a false statement.

Meredith I, 685 F.3d 824. Accordingly, the argument may not be relitated here. See Hayes, 231 F.3d at 1139.

Third, Petitioner contends that none of the witnesses called by the government negated her good faith belief that she was not violating tax laws. (See Pet. at 24.) Although the Ninth Circuit did not specifically address this argument in its memoranda, the argument was made in Petitioner's appellate brief and convincingly rebutted in the government's answer before the Ninth Circuit. (See Petitioner's Opening Appellate Brief at 35, 37-44, 50, 56; Government's Answering Brief on Appeal at 75.)

In any case, the evidence demonstrates that the argument is meritless. The government presented at trial evidence that a search of We the People found that Petitioner and her codefendants were in possession of letters from the IRS rejecting the claim that pure trusts operate to absolve the trust owner of tax liability. As alluded to above, during a search carried out of We the People on July 10, 1998, agents recovered a copy of an IRS letter dated January 13, 1996 explaining that, although the term "pure trust" does not appear in the Internal Revenue Code, the taxation of such entities must comply with the Code, based upon the economic reality of the arrangement, not its nomenclature. (See Opp. Ex. 6.) The letter further explained:

> Many recent trust arrangements have been held by the Courts to be shams with no economic substance. The income and expenses of such arrangements are attributed to the actual earner of the income, typically the individual grantor or other individual on whom the trust depends for the production of income or the providing of services. Contrary to the claims of the promoters who sell such arrangements, trusts are not a legal method of paying personal tax liability, or avoiding income or employment taxes. Rather, ALL income is taxable unless there is a specific statutory provision excluding it; there is no such provision in the trust area.

(Id.) Also recovered during the search was an IRS letter dated July 13, 1996 (with "Lynne" handwritten on the top) the purpose of which was to "to bring . . . attention" to "abusive trust arrangements." (See Opp. Ex. 6.) The letter cited seven examples of the "many court cases" ruling that where "the trust lacked economic substance and the grantors retained control and use of the trust assets," "the trust will be ignored for federal tax purposes." (Id.) The letter stated further that "[i]n addition to disregarding the trust entity, the government will pursue civil and/or criminal penalties against taxpayers and promoters, who attempt to use trusts to evade their income tax liabilities." (Id.) These letters and other evidence presented at trial were sufficient to allow a rational jury to reject Petitioner's good faith defense and conclude that Petitioner acted willfully. Accordingly, the court will not dismiss the conviction on the ground asserted here.

Because the court finds that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" as to any of the asserted claims, the court concludes that an evidentiary hearing is not necessary. 28 U.S.C. § 2255(b)

**IV.  Conclusion**

   For the reasons stated herein, Petitioner's Petition for Relief Pursuant to Title 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

Dated: May 14, 2014

                                    DEAN D. PREGERSON
                                    United States District Judge

17